NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 7 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIZANDRA JOSEFINA SALES RAMIREZ; R. A. S. R., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-196 <br><br> Agency Nos. <br> A215-536-233 <br> A215-536-234 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 5, 2026[**]
Phoenix, Arizona

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

Lizandra Josefina Sales Ramirez and her minor daughter R.A.S.R.,

Guatemalan natives, petition for review of a decision of the Board of Immigration

Appeals (BIA) affirming an Immigration Judge's (IJ) denial of their applications

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for asylum and withholding of removal.[1]  Petitioners raise three claims in their petition for review: (1) a challenge to the IJ's nexus finding; (2) a challenge to the IJ's unable-or-unwilling finding; and (3) due process challenges to their hearing before the IJ.[2]  Because the parties are familiar with the facts, we do not recount them here.  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Where the BIA "agree[s] with the IJ's findings and add[s] its own reasoning, we review both the BIA's decision and the portions of the IJ's decision adopted by the BIA." *Diaz v. Bondi*, 129 F.4th 546, 552 (9th Cir. 2025).  We review questions of law and due process claims de novo and factual findings for substantial evidence. *See Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020).  "In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

1.  Petitioner first challenges the BIA and IJ's finding that she failed to establish the requisite "nexus" between the persecution she alleges and a protected ground. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).

---

[1] R.A.S.R. is a derivative asylum applicant who did not file an independent application.  References to Petitioner therefore refer to Lizandra Josefina Sales Ramirez.

[2] The remainder of Petitioner's arguments are either waived, *United States v. Seschillie*, 310 F.3d 1208, 1217 (9th Cir. 2002), or unexhausted, 8 U.S.C. § 1252(d)(1).

Petitioner argues that she was assaulted because of her indigenous ethnicity or related protected social groups (Indigenous Guatemalan women and Mam women), relying largely on general country conditions evidence. However, Petitioner has not shown sufficient evidence that any of her attackers targeted her because of her protected traits, as opposed to general criminal motive. Nor does Petitioner's country conditions evidence suffice. *See id.* at 1019 (explaining that country conditions evidence as to the "general vulnerability of women in Guatemala" cannot establish the motive for individual past persecution nor that future persecution is more likely than not). Absent more individualized evidence, Petitioner has failed to establish that "any reasonable adjudicator would be compelled to conclude" that she has shown the requisite nexus between her Mam identity and her past or fear of future persecution, as substantial evidence review requires.[3] *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (internal quotation marks omitted).

2. Petitioner next challenges the BIA and IJ's finding that she failed to provide sufficient evidence establishing that the Guatemalan government was unwilling or unable to protect her. The IJ evaluated the available evidence and concluded that it did not establish that the government was unable or unwilling to

---

[3] Because she has not shown that any past persecution she experienced was because of a protected ground, Petitioner's argument that she is entitled to a presumption of future persecution because of a protected ground necessarily fails.

control Petitioner's attackers.

The record evidence does not compel a contrary conclusion. Petitioner mainly highlights the *Hastings Women's Law Journal* article that suggests a very small percentage of complaints of violence against women ultimately result in a punitive sentence. But as that article notes, collection limitations rendered the underlying data "outdated and inconsistent." Substantial evidence therefore supports the BIA and IJ's conclusion that Petitioner "did not meet her burden of proof to show that Guatemalan authorities were or would be unable or unwilling to protect her." *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064–65 (9th Cir. 2020).

3. Finally, Petitioner argues that the IJ engaged in two due process violations. "To prevail on a due process challenge to deportation proceedings, [Petitioner] must show error and substantial prejudice." *Grigoryan*, 959 F.3d at 1240 (internal quotation marks omitted). This means "that the challenged proceeding was so fundamentally unfair that she was prevented from reasonably presenting her case." *Id.* (citation modified).

First, Petitioner contends that the IJ failed to "consider the evidence presented in support of [her] nexus claim in her asylum argument." But the IJ considered the evidence Petitioner references, including Dr. Hernandez's psychological evaluation, Dr. Green's report on conditions in Guatemala, and the

4                                                          25-196

2021 U.S. State Department Human Rights Report. As the BIA recognized, Petitioner has failed to "identify any testimony or other evidence that she was unable to present or evidence that was overlooked by the [IJ]." There was accordingly no due process violation.

Second, Petitioner argues that the IJ's decision not to make a formal credibility determination violated due process. Petitioner cites no case holding that due process requires a credibility determination. In any event, the IJ found that "[d]espite several inconsistencies, . . . [Petitioner] testified credibly, generally." The BIA was therefore required to presume Petitioner's credibility. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Arrey v. Barr*, 916 F.3d 1149, 1159 (9th Cir. 2019). There is accordingly no evidence that the IJ or BIA violated Petitioner's due process rights.

**PETITION DENIED.** Petitioner's motion to stay removal, Dkt. 4, and supplemental motion to stay removal, Dkt. 6, are **DENIED** as moot. The temporary stay of removal, Dkt. 4, shall dissolve upon issuance of the mandate.

25-196